IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

CLIFTON DONELL LYLES #294075

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

BRIAN STIRLING, RICHARD CATHAREN,
GARY LEAMON, COACH SPEIGHT, SALLEY ELLI-
OT AND DELORIS BLACK

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**Complaint for Violation of Civil Rights**
(Prisoner Complaint)

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial:    ☐ Yes    ☐ No
*(check one)*

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

When submitted for filing, your complaint should be accompanied by the full filing fee or an application to proceed in *forma pauperis*.

**I.     The Parties to This Complaint**

**A.     The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name     CLIFTON DONELL LYLES

All other names by which you have been known:

ID Number     294075

Current Institution     TURBEVILLE

Address     1578 CLARENCE COKER HIGHWAY

TURBEVILLE, SOUTH CAROLINA 29162

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name     MICHAEL McCALL

Job or Title     DIRECTOR
(if known)

Shield Number

Employer     SOUTH CAROLINA DEPARTMENT OF CORRECTIONS

Address     4444 BROAD RIVER ROAD

COLUMBIA, S.C. 29221

☒ Individual capacity          ☐ Official capacity

Defendant No. 2

Name     RICHARD CATHAREN

2

| | |
|---|---|
| Job or Title (if known) | WARDEN |
| Shield Number | |
| Employer | SOUTH CAROLINA DEPARTMENT OF CORRECTIONS |
| Address | 1578 CLARENCE COKER HIGHWAY |
| | TURBEVILLE, SOUTH CAROLINA 29162 |

☒ Individual capacity          ☐ Official capacity

**Defendant No. 3**

| | |
|---|---|
| Name | GARY LEAMON |
| Job or Title (if known) | ASSOCIATE WARDEN |
| Shield Number | |
| Employer | SOUTH CAROLINA DEPARTMENT OF CORRECTIONS |
| Address | 1578 CLARENCE COKER HIGHWAY |
| | TURBEVILLE, SOUTH CAROLINA 29162 |

☒ Individual capacity          ☐ Official capacity

**Defendant No. 4**

| | |
|---|---|
| Name | MR. SPEIGHT |
| Job or Title (if known) | RECREATION COORDINATOR/COACH |
| Shield Number | |
| Employer | SOUTH DEPARTMENT OF CORRECTIONS |
| Address | 1578 CLARENCE COKER HIGHWAY |
| | TURBEVILLE, SOUTH CAROLINA 29162 |

☒ Individual capacity          ☐ Official capacity
CONTINUED ON ATTACHMENT, PAGE 1

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

1of14

## ATTACHMENT

<u>DEFENDENTS</u>:

| | |
|---|---|
| Defendant 5.<br>NAME: | SALLEY ELLIOT |
| JOB OR TITLE | CHIEF LEGAL & COMPLIANCE OFFICER |
| EMPLOYER ADDRESS | 4444 BROAD RIVER ROAD |
| | COLUMBIA, S.C. 29221 |

INDIVIDUAL CAPACITY

| | |
|---|---|
| DEFENDANT 6.<br>NAME. | MS. BLACK |
| JOB OR TITLE | ASSISTANT EDUCATION ADMINISTRATOR |
| EMPLOYER ADDRESS | 4444 BROAD RIVER ROAD |
| | COLUMBIA, S.C. 29221 |

INDIVIDUAL CAPACITY

## ATTACHMENT

SECTION II,D. CONT.

of cell exercise due to other inmate's behavior at different prisons across the state;

Defendant #2:Richard Catharen (Warden), did deny me treatment of a serious medical condition by denying me any out of cell exercise or showers by placing me on strict confinement to my cell due to other inmate behavior. Defendant Richard Catharen also failed to allow me any meaningful access to the law library which contributed to the dismissal of my state civil suit;

Defendant #3: Gary Leamon did deny me treatment of a serious medical condition by refusing to allow me to receive out of cell exercise with the Seloc A-side even though he was made aware that that I had contracted diabetes due to the failure of the institution as a whole to allow me exercise in compliance with Doctor Dean Gallupe's Order. Defendant Gary Leamon also denied me access to the courts by failing to provide a meaningful procedure to access the law library;

Defendant #4:Mr. Speight (Coach) did deny me treatment of a serious medical condition by failing to place me into a exercise program as directed by Doctor Dean Gallupe's Order to him, and by failing to request to the Warden that If be allowed to report over to the gym to receive the treatment of exercise ordered by the doctor;

Defendant #5:Salley Elliot(Chief Legal & Compliance Officer) did

.3of14

## ATTACHMENT

deny me meaningful access to the courts by failing to change

SCDC Policy GA-01.03 Section 12, which restricts any inmate

generated material from being copied, as advised by the South

Carolina Supreme Court; and

<u>Defendant #6.</u>Ms. Black(Assistant Education Administrator) did

deny me meaningful access to the courts by failing to allow me to

make copies of court requested legal material, and by denying me

any adequate study time in the law library.

A.    Are you bringing suit against *(check all that apply)*:

☐    Federal officials (a *Bivens* claim)

☑    State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

8TH AMENDMENT/CRUEL AND UNUSUAL PUNISHMENT

6TH AMENDMENT/DENIAL OF ACCESS TO COURTS

14TH AMENDMENT/DENIAL OF PROCEDURAL DUE PROCESS

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

DEFENDANY #1: Michael McCall (Director), did use mass punishment

as a means to deny me treatment of a serious medical condition

through the denial of out of cell recreation. CONT. SEE
ATTACHMENT PG. 2

III.    **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

## IV. STATEMENT OF CLAIM

QUESTION D. CONT.

They were checking to see if the medicine that I was taking for high Cholesterol had worked. Medical drew blood from me and said that they would call me back when the results came back for my blood. On October 23,2017, I again was summoned to medical at which time I was seen by Doctor Dean R. Gallupe, who informed me that my bad cholesterol had dropped from 178 to 153. He informed me that I no longer needed the medicine, but simply needed weight loss. For treatment, he instructed me to remain on a heart healthy diet, not to eat fatty foods and increase my personal exercise. I informed Doctor Gallupe that we haven't been allowed any out of cell exercise but maybe 3 or 4 times since I came to the institution in August of 2017. Doctor Gallupe then jotted down some information on a note and instructed me to give it to Coach Speight to be placed in an exercise program. Upon leaving medical I took the note/order to Coach Speight. I was told by Coach Speight that due to the contant lock downs that it would be hard to do anything. He said that we could probably get started after things returned to normal.

After about three (3) weeks, the Seloc B unit was allowed a rare opportunity to come out of our cells to be escorted to the

gym where a buffet was set up by a local church to hand out a thanksgiving meal. While walking through the gym, I saw Coach Speight and asked when was I going to be allowed to enter the exercise program? Coach Speight told me that it depends on when the lock downs stop. He said until then, the wardens and the major will not allow him to pull anyone out of there cells for classes. He said that also because of the holidays that it would probably be after the nefw year before we could do anything.

During the month of December 2017, we were allowed out of our cells maybe ten (10) days, for about seven (7) hours per day. During those outings, and on rare occasions that unit manager/Captain Ruth did appear in the unit, we would ask her about getting some outside recreation. She would tell us that until the major or wardens give the okay, that Seloc B would not be getting any outside recreation. We complained that that was not fair being that we had not broken any rules, but were being punished for something that took place in a totally different unit. But also, we complained that the Seloc A side was still being allowed outside recreation. Unit manager Ruth would then tell us that if we had any complaints that we would need to take it up with ;the warden.

During those particular days, we were being allowed to walk to the cafateria for breakfast only, no lunch or dinner. One morning an inmate got caught attempting to retrieve some contraband from a throw over. The entire prison was once again placed on lockdown. Since that day, two riots have taken place here at the Turbeville Institution. One on 12-31-17 and the other on 1-16-18,

which caused the prison to be placed on lockdown. We did not come out of our cells again until sometime in February 2018, at which time every dorm was being escorted one at a time to the gym for an annul taberculosis testaing. Upon seeing Coach Speight, I again asked when was I going to be allowed to receive my exercise treatment? He again told me that he could not do anything because of the lock downs, but as soon as it let up that he would get me in a program. Unfortunately, the lock downs continued, as there was a massive riot at the Lee correctional institution that left several inmates dead and the entire state prison system on lock down which continues today without an end in sight.

On or about April 10,2018, I was summoned to medical to have my six (6) month follow up lab work. After doing the lab work and medical receiving the results, I received an Order To Report(OTR) to come to medical with the diabetics. Upon reporting to medical I was told that my A1C levels was at 6.6 which was a type 2 diabetic levels and that I had gained a significant amount of weight. I was told that I needed to come to medical every other day for three (3) weeks to have my fingers pricked and my blood drawn to be tested for sugar. After the three (3) weeks had ended, I was then placed on the medication MetFormin and again ordered to increase my personal exercise to lose weight. Upon leaving I then informed my unit counsoler, Ms. Whitherspoon, about the matter. Ms. Whitherspoon informed me that because the prison is still on state wide lock down that she would have to inform the new unit manager, Lieutenant Lashawn June about the matter. She stated that in the mean time for me to try to do some in-cell exercise and that on the days that she was working, that she would allow me out of my cell to take a shower. On April

25,2018, Unit Manager Lashawn June along with Unit Counselor Whitherspoon and officer Elmore were going cell to cell feeding lunch. I at that time informed unit manager Lashawn June about my situation and showed her Dr. Gallupe's Order to Coach Speight for me to be put in an exercise program. Unit manager June informed me that there was nothing she could do because per the director, wardens and major, that no inmates may be allowed out of their cell for no reasons except for medical appointments. I then presented Ms. June with an OTR that I received from medical that requested that I be allowed showers after I did in-cell exercise. Ms. June said that she would not allow it. Since then I received another OTR from medical informing me that my blood pressure was high and that I needed to report to medical for another four (4) weeks to have it monitored. They also informed me that because I was not getting any exercise and had gained over 30 pounds that I would have to go back on the high cholesterol medicine. I have since then been placed on Simvastatin. My weight has went from 246 to 280 and climbing as I am not being allowed absolutely any out of cell exercise. Also, I am being discouraged from doing any in-cell exercise due to not being allowed a shower but once every eight (8) to twelve (12) days.

On or about June 5,2018, while being escorted with a group of five (5) other inmates to the prison canteen by the Seloc Unit's new Unit Manager, Lieutenant Rojas, I informed him about my situation, specifically about former unit manager Lashawn June's refusal to allow me showers after my doing in-cell exercise. I informed him of the OTR from medical requesting that she do so. Unit Manager Rojas informed me that he did not have a problem with it, but he had to consult with Major Chvale and Wardern Dean

o get the final okay. After about a week and not hearing anything back from unit manager Rojas, I, on June 12,2018, filed an emergency Step 1 Grievance. On or about June June 15,2018, officer Jackson came to my cell and informed me that I needed to report to medical. Upon reporting, I spoke with a nurse Alva, whom informed me that I was there because Warden had contacted him concerning my grievance and the OTR that I was given by medical requesting that I be allowed showers after in-cell exercise. Nurse Alva informed me that the warden instructed him to "fix this". He asked me what could he do to make it go away? I stated that he should instruct them to allow me to shower after the in-cell exercise. Nurse Alva then informed me that security over-rides medical and only the warden could allow showers. I then informed him that I would probably be filing a civil action against the warden. Nurse Alva state "do what you have to do".

On or about June 21,2018, Unit Manager Rojas came to my cell and informed me that he had just finished speaking with Warden Leamon, Major Chvale and the grievance coordinator, Mr. L. Coker. He informed me that they needed all my paperwork concerning my grievance. He said that they would make copies of it an return it to me. I then gave to him, Dr. Gallupe's Order, the June OTR to report for blood pressure and sugar tests, and the OTR requesting that I be allowed showers. None of it has been returned to me. Instead, Unit manager Rojas swears that he gave it to officer Jackson, who claims that she forgot what she did with it.

Also on June 21,2018, I saw the dorm officer come and open cell 273 and tell the inmate gym worker that Coach Speight had come to pull his gym workers out for work. He was told to get

dressed and come out for work. The next morning, upon being let out of my cell to report to the diabetic clinic, I went on the kiosk machine and wrote the recreation department inquiring when was I going to be allowed to report to the gym to be placed in an exercise program. The following day, Upon being left out of my cell to report to the diabetic clinic, I snuck on the kiosk machine to check for a response from the recreation department. In the response, the author asked me did I receive the form for in-cell exercise from Coach Speight? I responded no. Later that day, the inmate gym worker from cell 273, came and slid the in-cell exercise form under my cell door. Upon looking at it, I could tell that it was a diagram of exercises meant for those whom are single celled. The exercises calls for me to be able to control the very small area in the cell which in not an option. Especially since me and my cell mate have been cooped up in this cell together for over eight (8) months at that time, for twenty-four (24) hours a day. We could barely tolerate looking at one another let alone stop whatever personal activity we had going on to accommodate the other.

On or about June 25, 2018, I was returning to the prison from a medical trip to Image Care, after having an Ultra Sound performed on my stomach due to a lump, suspected to be a hernia, which developed due to weight gain from lack of exercise, I was approached by Major Chvale and the grievance coordinator Mr. Coker. I was at that time informed that my grievance had been denied and that I could appeal. Upon returning to the Seloc B unit, I saw unit manager Rojas and asked him about whether he spoke with the warden and major about me getting showers after I

10of14

do in-cell exercise? Unit Manager Rojas informed me that they both said no, that I could only shower once a week when everyone else received showers. I then asked could I be moved to the Seloc A unit being that they were receiving daily out of cell exercise and showers? Unit manager Rojas stated that he spoke to Associate Warden Gary Leamon about that and was told that I could not be moved to the Seloc A unit.

Since that time, throughout July and August, I continued not to receive any type of exercise, which began causing other parts of my body to hurt and fail. On August 28,2018, I again wrote medical complaining about severe pain and stiffness in my lower back, knees, ankles and joints due to lack of exercise. Medical wrote back saying that I had been signed up for sick call. On or about September 5,2018, I was called to medical for sick call. Upon being examined by the Severn, I was proscribed Acetaminophen for pain and given two exercise forms. One for lower back pain stretches, and the other for hips,knees and muscle exercises. I also at that time, inquired about the results of the Ultra sound that I had taken at Image Care back on June 25,2018, and was told that I did have a hernia. I asked the nurse why was I not informed sooner about the results and was told that because the hernia was small that it is not of major concern. I asked what could be done to treat it and was told that it could possibly go away with exercise and weight loss. I then brought up Doctor Dean Gallupe's order for me to be placed in a exercise program to lose weight. The nurse told me that doctor Gallupe does not work for SCDC anymore and that only the warden could authorize me to get exercise. I then informed nurse Severn about the wardens

11of14

statement in my step one grievance saying that medical head to approve for me to receive out of cell exercise. Nurse Severn then told me that that was not accurat. That security over-rode medical and that only the warden could okay out of cell activities. Since that time until the present, I have not received any type of out of cell exercise or treatment for my diabetes, high cholesterol, elevated blood pressure, hernia, aching back, knees, ankles, severe stress and mental anguish. So I am at this time filing this 1983 tort claim action.

### CLAIM TWO

## II. BASIS FOR JURISDICTION

A. State or local officials (a §1983 claim)

B. Sixth (6) and Fourteenth (14) amendments

D. Salley Elliot(Chief Legal & Compliance Officer) and Deloris Black (Assistant Education Administrator & acting Law Library Coordinator), did collectively deny my rights to access the courts by failing to take heed to the South Carolina Supreme Court's warnings that SCDC's Policy GA-01.03, which does not allow inmate generated legal material to be photo copied, was unreasonable, which therefore fails to provide me with an adequate law library.

## III. PRISONER STATUS

Convicted and Sentenced state prisoner

## IV. STATEMENT OF CLAIM

B. Turbeville Correctional Institution.....In the law library

C. December 20,2017, at 7:30 am

D. see following page STATEMENT OF CLAIM TWO

### STATEMENT OF CLAIM TWO

On 12-20-17, I went to Ms. Deloris Black, the Education

12 of 14

Administrative Assistant and acting law library designee, and requested legal copies. I showed her my court deadline notice from the South Carolina Supreme Court, dated 12-11-17, which gave me twenty (20) days to send in my Writ of Certiorari and Appendix, in compliance with Rule 242(c)(d) and (e) of the South Carolina Rules of Court. After reviewing my Writ of Certiorari and Appendix, Ms. Black informed me that she would not be able to make the required copies for me because SCDC Policy GA-01.03 section 12.2 states: "Materials and documents that WILL NOT be copied include: Documents that have been solely originated, generated, written, typed, or created by an inmate (The Inmate may copy this information by hand).see KIOSK RESPONSE 17-779433 DATED 1-3-2017.

I was instructed, via the above mentioned kiosk response, that the matter would be forwarded to Mr. Dubose.

Because this happened right at the Christmas holiday, it was impossible for me to make the needed five(5) copies. The prison canteen was closed, so I could not purchase the needed supplies (Typing Paper, legal pads, pens, etc.). The entire prison was on lockdown due to the shortage of staff as well as the riot that saw one dead and 8 seriously injured. On 1-9-17, I received a letter from the South Carolina Supreme Court notifying me that my appeal has been dismissed for failure to provide the court with the petition for writ of certiorari, appendix and one hundred dollar filing fees.

## V. INJURIES

My appeal of a dental malpractice suit worth a potential one point two million (1.200.000) dollars was dismissed.

13of14

## RELIEF

That I be awarded Three million four hounded thousand ($3.400,000) dollars. 1.2 million in actual damages, and 2.4 million dollars in punitive damages.

## VII EXHAUSTION

A. Yes

B. Yes

C. Do not know

D. Yes

E. (1) At the Turbeville Institution and SCDC Headquarters.

(2) That SCDC Policy GA-01.03 was Unconstitutional and that it denied my right to access the courts.

(3) Denied at both, the Institutional level and Headquarters.

(4) I appealed that decision to Headquarters. They denied the appeal. I also appealed that decision to the South Carolina Administrative Law Court. They dismissed the appeal saying that they did not have jurisdiction or authority to declare SCDC Policy unconstitutional.

## VIII. PREVIOUS LAWSUITS: CLAIM TWO

Three Strike violations.....No

A. No

B. No

C. Yes

D. 1. Plaintiff(s) CLIFTON DONELL LYLES

   Defendant(s) ANGELA BROACH,LULA MILLER AND LAUREN HAMBY

2. District of South Carolina and Richland County, South Carolina

3. Civil Action No. 4:16-cv-3188-TMC-TER and State Case

14of14

Number 2016CP4005671

4. U.S. District Judge Timothy M. Cain and Circuit Court Judge George M. McFadden,Jr.

5. September 7,2017

6. No

7. The SCDC was granted a directed verdict in the state court action, and a motion for collateral estoppel/Issue preclusion was granted in the federal suit. The appeal was denied by the Fourth Circuit Court of Appeals.

x]    Convicted and sentenced state prisoner

[ ]    Convicted and sentenced federal prisoner

[ ]    Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_____

_____

_____

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

TURBEVILLE CORRECTIONAL INSTITUION FROM OCTOBER 2017 UNTIL THE PRESENT.

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

October 23,2017 until the present

_____

_____

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

On or about October 9,2017, I was summoned to medical concerning a follow-up examination of an earlier diagnosis of high Cholesterol. Cont. on Attachment Page 4

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I have gained over 35 pounds, became diabetic, have high blood pressure, cholesterol
levels has risen again causing me to go back on Pravastatin, I am placed on the medici-
MetFormin for sugar levels, I have my fingers pricked everyday to check my blood sugar
and I am severely stressed out because every little chess pain I have I am thinking that
I am about to have a heart attack or that I am about to die due to the diabetes.
I have developed a hernia, continuing pain in my lower back, knees,
ankles and joints. I have been placed on the medication Acetaminophen.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

12.2 Million: 1.4:For causing the diabetes;2.8:Mental anguish for fear of future loss of
limbs and or life;1 million:for re-elevation on cholesterol;2 million for mental distress
from fear of stroke,heart attack or loss of life; 1.4 Million: for Hernia; 1.2 million
for pain and suffering; 1.2 million for actual loss of potential damages allowed under s
state law for dental malpractice-S.C.Code Ann.§15-78-120(4); 2.4 Million:For punitiv
damages for disregard of my life, federal law and state law

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒    Yes

☐    No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒    Yes

☐    No

☐    Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐    Yes

☐    No

☒    Do not know

If yes, which claim(s)?

_____

_____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒    Yes

☐    No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐    Yes

☐    No

E.    If you did file a grievance:

1.    Where did you file the grievance?

Turbeville Correctional Institution

2.    What did you claim in your grievance?

That I was being denied treatment of a serious medical condition in the form of out of cell exercise.

3.    What was the result, if any?

The grievance was denied.

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I filed a Step 2 grievance which was also denied. The grievance process is now exhausted.

F.   If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

        _____

        _____

        _____

        _____

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

        _____

        _____

        _____

        _____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

    _____

    _____

    _____

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

    ☐    Yes

    ☒    No

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____
_____

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

    ⬜    Yes

    ⬜    No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1.  Parties to the previous lawsuit

        Plaintiff(s)   _____

        Defendant(s)  _____

    2.  Court *(if federal court, name the district; if state court, name the county and State)*

        _____

    3.  Docket or index number

        _____

    4.  Name of Judge assigned to your case

        _____

    5.  Approximate date of filing lawsuit

        _____

    6.  Is the case still pending?

        ⬜    Yes

        ⬜    No

        If no, give the approximate date of disposition. _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐   Yes

☐   No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   _____
Defendant(s)   _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐   Yes

☐   No

11

If no, give the approximate date of disposition. _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____
_____

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: ___10-22___, 20_18_.

Signature of Plaintiff

Printed Name of Plaintiff    CLIFTON DONELL LYLES

Prison Identification #    294075

Prison Address    1578 CLARENCE COKER HIGHWAY

Turbeville, South Carolina 29162

City                State            Zip Code

### B.    For Attorneys

Date of signing: _____, 20__.

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

12