IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Clifton Donell Lyles, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 4:18-cv-2935-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Bryan Stirling, Richard Catharen, Gary Leamon, Coach Speight, Salley Elliott, and Kourtney Black, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On October 30, 2018, Plaintiff, proceeding *pro se*, brought this action against Defendants pursuant to 42 U.S.C. § 1983. (ECF No. 1). On February 28, 2019, Plaintiff filed a "Motion for Emergency Injunction" seeking a transfer from Turbeville Correctional Institution, where Plaintiff is currently incarcerated, to a different correctional institution for him to use the law library. (ECF No. 37 at 1, 4). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to a magistrate judge for pretrial handling. This matter is now before the court on the magistrate judge's Report and Recommendation ("Report") recommending that the court deny Plaintiff's motion. (ECF No. 80).

Plaintiff alleges that from December 2017 until April 2018, Turbeville officials denied him access to the law library in retaliation for Plaintiff's complaints about the lack of access to the law library. *Id*. at 1-2. Plaintiff asserts that beginning in April 2018, Defendants completely shut down the library and instead required inmates to use the law computer in the restrictive housing unit, which has no librarian or clerk to help inmates use the computer. *Id*. at 2. Moreover, Plaintiff asserts that an inmate can only use the law computer if a prison official is willing to sit with him during the time that the inmate is using the computer. *Id.* Plaintiff claims he has only been

permitted to use the law computer a few times. *Id*. Plaintiff further claims that Defendants' retaliation also included moving him to the Elliot unit which has no desk or table to write on, no electrical outlets for his typewriter, and no place to secure or protect legal papers and personal effects from other inmates, officers or rodents. *Id*. at 3. Plaintiff argues that because of these alleged conditions, he is concerned he will not be able to meet scheduling deadlines imposed by the court unless he is transferred to another correctional facility. *Id.* at 4.

On June 17, 2019, Defendant filed a response in opposition to Plaintiff's motion for emergency injunction, arguing that Plaintiff has not shown that he is being denied access to the courts as he has filed "a voluminous amount of pleadings, letters, and motions" that "are complete with legal argument and numerous citations to case law." (ECF No. 75 at 6).

On July 3, 2019, the magistrate judge issued his Report recommending that the court deny Plaintiff's motion for emergency injunction. (ECF No. 80 at 3). The magistrate judge concluded that Plaintiff's motion fails to address any of the relevant requirements for injunctive relief articulated in *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7 (2008). *Id*. at 2. Under the *Winter* standard, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20. The magistrate judge reasoned that Plaintiff has not alleged that he is likely to suffer irreparable harm because, according to Plaintiff's motion, the primary reason for seeking emergency relief is that Plaintiff is concerned he will miss deadlines. *Id*. at 2. The magistrate also concluded that a court order transferring Plaintiff to another facility would not be in the public interest because decisions relating to the day-to-day operation of prisons are entrusted to the discretion of the officials of the correctional institution in question. *Id*. at 3. Finally, noting that

injunctive relief is only to be granted in extraordinary circumstances, the magistrate judge determined that "[t]he circumstances presented by Plaintiff fail to rise to the level of exceptional and compelling." *Id*.

Plaintiff was advised of his right to file objections to the Report. (ECF No. 80-1). Plaintiff has filed no objections to the Report, however, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, the court adopts the Report (ECF No. 80), which is incorporated herein by reference. Accordingly, Plaintiff's motion for emergency injunction (ECF No. 37) is **DENIED**.

**IT IS SO ORDERED.**

/s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 23, 2019

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.