IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Clifton Donell Lyles, | ) | C/A No. 4:18-cv-02935-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Bryan Stirling, Richard Catharen, | ) | |
| Gary Leamon, Coach Speight, | ) | |
| Sally Elliott, and Doris Black | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(A), (B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.) (the "Report").

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Clifton Donell Lyles ("Plaintiff"), as a pro se state prisoner, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff alleges the Defendants Bryan Stirling, Richard Catharen, Gary Leamon, Coach Speight, Sally Elliott, and Doris Black ("Defendants") violated his constitutional rights by (1) being deliberately indifferent to his serious medical needs; (2) denying him access to courts; and (3) subjecting him to the cruel and unusual punishment of lockdowns. Defendants filed a motion for summary judgment on June 17, 2019, and Plaintiff filed his response on August 23, 2019. [ECF Nos. 74, 87.] On January 6, 2020, the Magistrate Judge issued the Report, recommending that this court grant Defendants' motion for summary judgment in its entirety. [ECF No. 90.]

Attached to the Report was the notice of right to file objections. Plaintiff filed objections on January 24, 2020. [ECF No. 93.] Defendant submitted a reply, ECF No. 95, and the matter is ripe for consideration by this court.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

**DISCUSSION**

Plaintiff objects to the Report's recommendations on medical indifference; denial of access to the courts; and conditions of confinement. The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation. The objections, however, are addressed in turn below.

**1. Medical Indifference.**

As to the Report's recommendation on the medical indifference claim, Plaintiff submits six objections. First, Plaintiff objects to the Report's finding that he failed to show that any of the Defendants were deliberately indifferent to his medical needs. [ECF No. 93 at p.1.] Specifically, Plaintiff contends that Defendant Stirling acted indifferently to his medical needs when he placed the entire inmate population on lockdown, thereby denying Plaintiff any out of cell exercise. *Id.* This court notes that the Report recognized and considered Plaintiff's contention that he was not allowed to do out of cell recreation or exercise when Defendant Stirling placed TCI on lockdown in April 2017. [ECF No. 80 at p.4.] Accordingly, the Report considered this fact in reaching its recommendation. Plaintiff's objection must fail, however, because it fails to explain how the lockdown prevented him from doing the recommended exercise in his cell.

A claim for deliberate indifference to a serious medical need requires the plaintiff to show the existence of a serious medical need and the defendant acted with deliberate indifference to that need. *See Heyer v. United States Bureau of Prisons*, 849 F.3d 202, 210 (4th Cir. 2017). In this case, Plaintiff did not come forward with sufficient evidence of the "deliberate indifference" portion to survive summary judgment. Deliberate indifference requires that the treatment received is so "grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4thj Cir. 1990), *overruled on other*

*grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994). And, while the Constitution "requires that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). In this case, Plaintiff's A1c level was 6.3, pre-diabetic, in October 2017. As a result, Dr. Gallupe recommended that Plaintiff remain on a heart healthy diet and increase his personal exercise. While it is clear that Plaintiff may have preferred to exercise outside of his cell, the undisputed evidence establishes that nothing prevented Plaintiff from exercising in his cell during the lockdown. As a result, Plaintiff has not shown that Defendants were deliberately indifferent to his medical needs. Plaintiff's objection does not change this conclusion.

Plaintiff's second, third, and fourth objections to the recommendation on the deliberate indifference claim relate to information that Plaintiff contends the Report fails to consider. [ECF No. 93 at pp.2–3.] Accordingly, these objections are considered together. Plaintiff contends the Report fails to consider the Order to Report ("OTR") that Nurse Severen gave Plaintiff, a Request to Staff Member form, Defendant Cothran's response to the grievance, and the kiosk message to Coach Speight. *Id.* Having reviewed the record in this case, all of the evidence on which Plaintiff relies suffers from the same fatal flaw—it does not show that Plaintiff was prevented from exercising in his cell. The second, third, and fourth objections fail to identify a specific evidence to defeat summary judgment in favor of Defendants.

Plaintiff's fifth objection is that the Report "incorrectly states that he was seeking to be transferred to a different unit" when he was "merely requesting to be transferred from the [] B-side of the unit, which was on lockdown, to the [] S-side of the unit which was not on lockdown and was receiving outside exercise and showers." *Id.* at pp.3–4. This court does not see any error in the Report's description of the argument. The Report notes Plaintiff's argument that "Leamon is

4

liable because he failed to allow Plaintiff to transfer to a different unit that was not on lockdown" so that he could "start an out of cell exercise program." [ECF No. 90 at p.4.] The argument was considered by the Report and considered by this court under a de novo review. Having found no error, the court finds that the objection lacks merit.

Finally, Plaintiff objects to the Report's finding that the note from Dr. Gallupe does not require Plaintiff to exercise outside of his cell. [ECF No. 93 at p.4.] According to Plaintiff, because the note was to be given to Coach Speight, Dr. Gallupe must have intended for the exercise to occur outside of Plaintiff's cell. *Id.* at p.5. The court disagrees. The note plainly states that Plaintiff should "increase personal exercise." It does not make any mention of where or when Plaintiff must conduct his exercise. Moreover, even if the note recommended exercise outside of Plaintiff's cell, the evidence would remain insufficient to give rise to a claim of deliberate indifference. The fact remains that Plaintiff was not prevented from exercising in his cell. If Plaintiff exercised in his cell, he could have "increase[d] personal exercise" and complied with Dr. Gallupe's recommendation.

Having considered all of Plaintiff's objections, the court finds that summary judgment is appropriate on Plaintiff's claim for medical indifference.

**2. Denial of Access to Courts.**

Plaintiff's second cause of action is for alleged denial of access to the courts. Plaintiff makes only one objection to the Report's recommendation, contending he submitted evidence that his underlying lawsuit was meritorious. [ECF No. 93 at pp. 5–6.] The objection fails for two reasons.

First, Plaintiff does not address the Report's finding that the underlying dental malpractice claim was not a direct criminal appeal or a habeas corpus proceeding. [*See* ECF No. 90 at p.9.] As the Fourth Circuit Court of Appeals stated in *O'Dell v. Netherland*, 112 F.3d 773 (4th Cir.

5

1997), an inmate must show "'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *Id.* at 776 (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). Plaintiff does not contend that his dental malpractice claim challenged either his sentence or the conditions of his confinement.

Second, even if Plaintiff's dental malpractice claim is construed as one challenging the conditions of confinement, the court is unable to conclude that the evidence presented serves as more than conclusory contentions that the underlying claim is non-frivolous or arguable. The underlying state court action resulted in a directed verdict in favor of the Defendants. *See Parker v. Prudential Ins. Co. of Am.*, 900 F.2d 772, 776 (4th Cir. 1990) ("In considering a motion for a directed verdict, the court must construe the evidence in the light most favorable to the party against whom the motion is made."). Thereafter, the South Carolina Court of Appeals dismissed Plaintiff's appeal for failure to provide the filing fee. To defeat summary judgment in this case, Plaintiff had to come forward with evidence to describe the underlying dental malpractice action or his grounds for appeal to the South Carolina Supreme Court, such that the Report and this court could determine whether the claim and the grounds for appeal were non-frivolous. Neither the evidence in the record nor Plaintiff's objection satisfy this requirement. Plaintiff's objection contends that the Report "could not have possibly considered the specificity of Plaintiff's description of his claims to the Supreme Court" because the appeal was dismissed. Plaintiff overlooks, however, that he could have described the facts of his case and the purported grounds for appeal in responding to summary judgment. He failed to do so. Thus, summary judgment in favor of the Defendants is appropriate.

### 3. Conditions of Confinement.

Plaintiff's final objection is to the Report's finding that he failed to "present sufficient evidence of any serious or significant physical or emotional injury resulting from the" conditions. [ECF No. 93 at p.7.] According to Plaintiff, the facts of his serious and significant injury is documented in the Affidavit of Tracey Culick. This court disagrees. Having reviewed the Affidavit of Tracey Culick, ECF Nos. 74-8, 75-7,[1] the court is unable to find any evidence that he suffered serious or significant physical or emotional injury "resulting from" the conditions of confinement. Notably, Tracey Culick states that Plaintiff "refuse[d] to do" the recommended exercises of "push-ups, squats, sit-ups, [and] run[ning] in place." *Id.* at ¶ 13. Further, Tracey Culick states that Plaintiff's "canteen records indicate his repeated purchases of certain items, i.e., sodas, chips, honey buns, ice cream, Little Debbie Cakes, cookies, assorted candies, [and] pizzas." *Id.* at ¶ 18.

To "withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury *resulting from* the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1380–81 (4th Cir. 1993) (emphasis added). Despite Plaintiff's objection, the Affidavit of Tracey Culick does not satisfy his burden. Summary judgment in favor of Defendants is warranted and appropriate.

## CONCLUSION

Having reviewed the Report, the objections, and the record before this court, and for the reasons set forth above, the court **ADOPTS** the Report [ECF No. 90] in its entirety and incorporates the same herein by reference. Therefore, it is the judgment of this court that Defendants' motion for summary judgment [ECF No. 74] is **GRANTED** in its entirety.

---

[1] Both Defendants and Plaintiff rely on the Affidavit of Tracey Culick in support and opposition to summary judgment, respectively.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon_____
United States District Judge

March 19, 2020
Florence, South Carolina