IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Clifton Donell Lyles, | ) | C/A No. 4:18-cv-02935-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Bryan Stirling, Richard Catharen, | ) | **TO CONDUCT MEDIATION** |
| Gary Leamon, Coach Speight, | ) | |
| Sally Elliott, and Doris Black | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

By Order dated April 26, 2021, the undersigned appointed United States Magistrate Judge Mary Gordon Baker to serve as the mediator for this case. [ECF No. 109.] At that time, the parties were directed to complete mediation by June 25, 2021. *Id.*

On June 18, 2021, Defendants moved for an extension of the mediation deadline and to appoint an alternate mediator. [ECF No. 112.] Defendants do not state a basis for the request for an alternate mediator, but they do agree to "pay all mediation fees." *Id.* Plaintiff filed a response in opposition to Defendants' motion, objecting to the appointment of a private mediator in place of Judge Baker. [ECF No. 116.] Plaintiff's objections to the proposed alternate mediator are that the proposed alternate mediator was "picked by an interested party to this action," and Defendants have not established "good cause . . . to remove" Judge Baker. *Id.* at p.3. Having considered the positions of the parties, the court declines to appoint an alternate mediator at this time. Defendants' motion is denied.

The parties are hereby advised that Judge Baker will continue as the appointed mediator pursuant to Local Civil Rule 16.06 (D.S.C.). This order supersedes and replaces the April 26, 2021 Order. Given that both parties request additional time to complete mediation, the court is amenable

1

to extending the mediation deadline.  Mediation is to be completed on or before **September 30, 2021**.  Upon completion of the mediation, the parties shall advise the court in writing of the following: (1) that the mediation occurred; (2) the date of the mediation; and (3) whether the case was settled in whole or in part, and whether a trial is necessary.

Defendants' attorneys primarily responsible for handling trial, their clients, and/or any insurer representatives with full settlement authority are **ORDERED** to appear in person unless excused for good cause shown.  Plaintiff is hereby **EXCUSED** from attending in person and **must be available to participate by video conference unless otherwise ordered**.  At the mediation, all participants should be prepared to participate in a mutual, good faith effort to negotiate a fair and reasonable settlement.

Communications made in connection with or during the mediation are confidential and protected by Federal Rule of Evidence 408, Local Civil Rule 16.08(C) (D.S.C.), and Federal Rule of Civil Procedure 68.  If a settlement is not reached at the mediation, settlement discussions are neither admissible at trial nor to be disclosed to the presiding judge, see Local Civil Rule 16.08(C) and 16.10(H) (D.S.C.), except as allowed by Local Civil Rule 26.05(F) (D.S.C.)

If any reason exists why any person, party, or counsel subject to this Order should not participate in this mediation, the court is to be advised of these reasons in writing immediately.  Counsel are responsible for notifying and ensuring the presence of parties and/or insurer representatives as described above.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon<br>United States District Judge

June 29, 2021
Florence, South Carolina